UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:09-00150 |
| | ) | JUDGE CAMPBELL |
| YOLANDA SILVA | ) | |

ORDER

Pending before the Court is the Defendant's Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) (Docket No. 435), and the Government's Response (Docket No. 437).

Through the Motion, the Defendant requests that the Court reduce her sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on an amendment to the United States Sentencing Guidelines that lowered the base offense level for individuals convicted of offenses involving cocaine base, or crack. Section 3582(c)(2) provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that–
>
> * * *
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Through Amendment 750 to the Sentencing Guidelines, which became effective on November 1, 2011, the Sentencing Commission lowered the base offense level for cocaine base, or crack, set forth in Sentencing Guideline Section 2D1.1, and through Amendment 759 to Sentencing Guideline Section 1B1.10(c), that change was made retroactive. Subsection (a) of Sentencing Guideline Section 1B1.10 addresses application of retroactive amendments:

(1) <u>In General</u>. – In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) <u>Exclusions</u>. – A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if –

    (A) none of the amendments listed in subsection (c) is applicable to the defendant; or

    (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

The Defendant pled guilty in this case, pursuant to a Plea Agreement, to participating in a drug conspiracy involving five kilograms or more of cocaine (Count One), in violation of 21 U.S.C. § 846. (Docket Nos. 158, 290, 291). At sentencing, the Court imposed a sentence of 108 months of imprisonment. (Docket Nos. 358, 359, 364).

The Defendant was not charged with, and did not plead guilty to, any crack cocaine offenses. Consequently, the amendment lowering the base offense level for crack cocaine offenses does not have the effect of lowering the Defendant's sentencing guideline range. Accordingly, the Defendant's Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) (Docket No. 435) is DENIED.

It is so ORDERED.

                                                                                        *Todd Campbell*
                                                                                TODD J. CAMPBELL
                                                                                UNITED STATES DISTRICT JUDGE